Douglas D. Harris
DOUGLAS HARRIS LAW OFFICES
322 West Spruce Street
P.O. Box 7937
Missoula, MT 59807-7937
406-549-5176
406-549-5177 fax
harrisdouglaslaw@qwest.net

Peter Michael Meloy
MELOY LAW FIRM
The Bluestone
80 South Warren, P.O. Box 1241
Helena, MT 59624
(406) 442-8670
(406) 442-4953
meloylaw@qwest.net
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL ABBOTT, BRADFORD OLSON and CHRIS McEWEN<br><br>Plaintiffs,<br><br>v.<br><br>ANESTHESIOLOGISTS ASSOCIATED, INC.; HEALTHCENTER NORTHWEST, L.L.C.; KALISPELL REGIONAL MEDICAL CENTER, INC.; NORTHWEST HEALTHCARE FOUNDATION, INC.; NORTHWEST HEALTHCARE CORPORATION; NORTHERN ROCKIES ANESTHESIA CONSULTANTS, P.L.L.C., a/k/a GLACIER CARDIAC ANESTHESIA, P.L.L.C.; WILLIAM HOFFMAN; CARL TINLIN; and GARRY DIETER,<br><br>Defendants. | CAUSE NO. CV-07-104-M-<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMPLAINT AND DEMAND FOR JURY TRIAL                                                                 Page 1

COME NOW the Plaintiffs, through counsel, and for their Complaint in the above captioned matter, state as follows:

## PARTIES

1. Plaintiff Daniel Abbott is a medical doctor specializing in anesthesiology and is duly licensed to practice his profession and specialty in the State of Montana. At the time of the incidents herein alleged, he was a resident of Flathead County, Montana.

2. Plaintiff Bradford Olson is a medical doctor specializing in anesthesiology and is duly licensed to practice his profession and specialty in the State of Montana. At the time of the incidents herein alleged, he was a resident of Flathead County, Montana.

3. Plaintiff Chris McEwen is a medical doctor specializing in anesthesiology and is duly licensed to practice his profession and specialty in the State of Montana. At the time of the incidents herein alleged, he was a resident of Flathead County, Montana.

4. Defendant Anesthesiologists Associated, Inc. (AAI) is an Oregon corporation with its principal place of business in Beaverton, Oregon. AAI provides billing and management services to over 800 anesthesiologists in the western United States, including anesthesiologists in Montana.

5. Defendant HealthCenter Northwest, L.L.C. (HealthCenter), is a Montana limited liability company that provides outpatient surgical services with its principal place of business in Flathead County, Montana.

6. Defendant Kalispell Regional Medical Center, Inc. (KRMC) is a Montana not for profit hospital with its principal place of business in Flathead County, Montana. It is the for-profit component of Defendant Kalispell Regional Medical Center, Inc.

7.  Defendant Northwest Healthcare Foundation, Inc. (NHF) is the charitable Montana non profit foundation associated with Defendant KRMC and Defendant HealthCenter with its principal place of business in Flathead County, Montana.

8.  Defendant Northwest Healthcare Corporation (NHC) is the charitable Montana non-profit parent corporation of Defendants KRMC, HealthCenter, and NHF with its principal place of business in Flathead County, Montana.

9.  Defendant Northern Rockies Anesthesia Consultants, P.L.L.C. (NRAC) is a Montana professional limited liability corporation with its principal place of business in Flathead County, Montana. NRAC was, at all times mentioned herein, also known as Glacier Cardiac Anesthesia, P.L.L.C. (GCA). NRAC and GCA have the same corporate ID number and identical records, according to the Montana Secretary of State website.

10. Defendant William Hoffman is a medical doctor specializing in anesthesiology. At the time of the incidents herein alleged, he was a resident of Flathead County, Montana.

11. Defendant Carl Tinlin is a medical doctor specializing in anesthesiology. At the time of the incidents herein alleged, he was a resident of Flathead County, Montana.

12. Defendant Garry Dieter is a medical doctor specializing in anesthesiology. At the time of the incidents herein alleged, he was a resident of Flathead County, Montana.

## JURISDICTION AND VENUE

13. The Court has subject matter jurisdiction under 28 U.S.C. § 1337 (commerce and antitrust regulation) and 28 U.S.C. § 1331 (federal question), as this action arises under Sections 1 and 2 of the Sherman Act, 15 U.S.C. § 1 and § 2, and Section 4 of the Clayton Act, 15 U.S.C. § 15(a). The Court has supplemental subject matter jurisdiction of the pendent state law claims under 28 U.S.C. § 1367.

14.     Federal jurisdiction also exists on grounds of diversity under 28 U.S.C. § 1332(a)(1). This controversy is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs are citizens of Montana and Defendant AAI is a citizen of Oregon, i.e., a corporation organized and existing pursuant to the laws of the State of Oregon, with its principal place of business in Beaverton, Oregon.

15.     Venue is proper under 28 U.S.C. § 1391(c), in that one or more Defendants are corporations that transact business and are found in the District of Montana, Missoula Division, within the contemplation of 28 U.S.C. § 1391 (b) and (c) and as provided in Sections 4 and 12 of the Clayton Act, 15 U.S.C. §§ 15 and 22.

## FACTS COMMON TO ALL COUNTS

16.     In June of 2004, Plaintiff Abbott, as a member of Glacier Anesthesiology and Pain Management, L.L.C. (GAPM), began working as an anesthesiologist in Flathead County, Montana. He resigned from the group on August 26, 2006, and was never compensated for his accounts receivable withholdings.

17.     GAPM, a group of anesthesiologists, was organized in January of 2000 as a member managed limited liability company. Plaintiff Bradford Olson was a founding member of the GAPM. GAPM is no longer a functioning entity.

18.     Plaintiff McEwen was a founding member of GAPM. He resigned December 31, 2006.

19.     In November of 2005, Defendants Hoffman, Deiter, and Tinlin, then members of GAPM, acting as Glacier Cardiac Anesthesia, P.L.L.C. (GCA), negotiated two separate agreements with Defendant KRMC. At the time of the negotiations, Defendant Hoffman was an officer of GAPM.

20. The first agreement, effective February of 2006, provided exclusive provision of obstetrical anesthesiology services and scheduling for Defendant KRMC and Defendant HEALTHCENTER. As a result, members of GPAM who were not members of GCA were effectively excluded from providing anesthesia services for Defendants KRMC and HEALTHCENTER and were scheduled significantly less time on the general hospital anesthesiologist schedule.

21. The second agreement, effective May 1, 2007, provided exclusive provision of all anesthesiology services for Defendant KRMC and Defendant HEALTHCENTER. As a result, members of GPAM who were not members of GCA were denied hospital privileges and were precluded from providing anesthesia services for Defendants KRMC and HEALTHCENTER.

22. Defendant AAI provided billing and other advising services to both GAPM and GCA and represented GCA in its attempt to secure the exclusive agreements with Defendant KRMC at the same time it was representing GAPM.

## COUNT ONE—CONSPIRACY TO REDUCE COMPETITION IN VIOLATION OF SHERMAN ACT, § 1

23. Plaintiffs reallege and incorporate by reference the averments set forth in paragraphs 1 through 22.

24. Anesthesiology services are a relevant product market within the meaning of Section 1 of the Sherman Act, 15 U.S.C. § 1. Flathead County, Montana, is a relevant geographic market within the meaning of Section 1 of the Sherman Act.

25. Beginning at least as early as November of 2005 and continuing at least until February 1, 2006, Defendants NRAC, KRMC, HealthCenter, NHF, HCN, Hoffman, Dieter, and

Tinlin engaged in a combination and conspiracy in unreasonable restraint of trade and commerce in violation of Section 1 of the Sherman Act, as amended (15 U.S.C. § 1).

26. Defendants' actions have actually restrained competition in the relevant geographic market area. Unless the Defendants actions are restrained in the future, their violations will continue to have the following effects, among others: competition generally in anesthesiology services in Flathead County will be restrained; actual and potential competition between anesthesiologists will be prevented, forestalled and restricted; and consumers will be deprived of the benefits of competition.

### COUNT TWO—WILLFUL MAINTENANCE OF A MONOPOLY IN VIOLATION OF SHERMAN ACT, § 2

27. Plaintiffs reallege and incorporate by reference the averments set forth in paragraphs 1 through 22.

28. Anesthesiology services are a relevant product market within the meaning of Section 2 of the Sherman Act, 15 U.S.C. § 2. Flathead County, Montana, is a relevant geographic market within the meaning of Section 2 of the Sherman Act.

29. Defendants KRMC, HealthCenter, NHF, NHC, Hoffman, Dieter, and Tinlin have engaged in intentional conduct with anticompetitive effects to unlawfully maintain and enhance its monopoly in the relevant market and to control prices, keep prices high, stifle competition, unreasonably enhance their position to acquire power relative to other anesthesiologists, and to eliminate consumer choice through unlawfully exclusionary behavior.

30. Substantial barriers to entry and expansion exist in the relevant market.

31. There is no legitimate business justification for Defendants' conduct.

32. As a result of Defendants' actions, Plaintiffs have suffered and will continue to suffer injury to their livelihood.

33. Defendants' conduct has caused and will continue to cause injury to the relevant market in the form of higher prices and reduced competition, innovation and consumer choice.

### COUNT THREE—ANTITRUST/UNFAIR TRADE PRACTICES IN VIOLATION OF § 30-14-205, MCA

34. Plaintiffs reallege and incorporate by reference the averments set forth in paragraphs 1 through 22.

35. Defendants KRMC, HealthCenter, NHF, NHC, Hoffman, Dieter, and Tinlin took actions which unreasonably and unlawfully restrained Plaintiffs from freely practicing their occupation as anesthesiologists.

36. On information and belief, on or about February 1, 2006, a contract was entered between GCA, and Defendant KRMC. Such contract provides GCA with an exclusive right to perform obstetrical anesthesiology services at KRMC and effectively prohibits any other anesthesiologist from working at the hospital. Such contract has the purpose and the effect of unreasonably and unlawfully restraining Plaintiffs from freely pursuing an anesthesiology practice in Flathead County, Montana.

37. On information and belief, on or about April 1, 2007, a contract was entered between Defendant NRAC, and Defendant KRMC. Such contract provides NRAC with an exclusive right to perform all anesthesiology services at KRMC and effectively prohibits any other anesthesiologist from working at the hospital. Such contract has the purpose and the effect of unreasonably and unlawfully restraining Plaintiffs from freely pursuing an anesthesiology practice in Flathead County, Montana.

38.     On April 1, 2007, Defendant KRMC notified Plaintiffs that they would not be allowed to exercise their hospital privileges at KRMC and HEALTHCENTER effective May 1, 2007, based on its exclusive contract with NRAC. Such action unreasonably and unlawfully restrains Plaintiffs from freely pursuing an anesthesiology practice in Flathead County, Montana and creates of a monopoly in violation of common law and Montana statute and deprives the public of the right to independently select their medical practitioners at comparative prices.

39.     Such actions of Defendants as aforesaid constitute a violation of Montana law, including § 30-14-205, MCA, and have denied Plaintiffs the right to freely compete for and perform anesthesiology services under the auspices of those physicians in the Flathead County, Montana, who see fit to use such services.

40.     As a result of one or more of the foregoing actions of Defendants, Plaintiffs have suffered and continues to suffer severe irreparable loss and damages in an amount to be determined at trial.

41.     Defendants' conduct has also caused and will continue to cause injury to the relevant market in the form of higher prices and reduced competition, innovation and consumer choice.

## COUNT FOUR—TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

42.     Plaintiffs reallege and incorporate by reference the averments in paragraphs 1 through 22.

43.     Plaintiffs previously enjoyed economic relationships with other actual and potential customers and partners which contained the probability of future economic benefit.

44. With knowledge of these relationships, Defendants AAI, KRMC, HealthCenter, NHF, NHC, Hoffman, Dieter, and Tinlin engaged in intentional, wrongful conduct designed to interfere with and disrupt Plaintiffs' relationships with these third parties and cause damage to Plaintiffs' ability to make a living as an anesthesiologist.

45. Defendants' actions were not justified and disrupted Plaintiffs' relationships with these third parties, resulting in economic harm.

### COUNT FIVE—BREACH OF FIDUCIARY DUTY OF CARE

46. Plaintiffs reallege and incorporate by reference the averments in paragraphs 1 through 22.

47. Defendants Hoffman, Dieter, and Tinlin's actions violated the duty of care owed to Plaintiffs under 35-8-310(3), MCA.

48. As a direct and legal result of Defendant's acts, Plaintiffs suffered actual damages.

### COUNT SIX—UNJUST ENRICHMENT/BREACH OF CONTRACT CLAIM

49. Plaintiffs reallege and incorporate by reference the averments in paragraphs 1 through 22.

50. At the time of his resignation from GAPM, Plaintiff Abbott was owed remuneration for his accounts receivable.

51. To date, he has never been compensated the money he is due. Defendants Hoffman, Dieter, and Tinlin, as remaining members of GAPM, owe Plaintiff Abbott these accounts receivable in an amount to be determined at trial.

### COUNT SEVEN—PUNITIVE DAMAGES

52. Plaintiffs reallege and incorporate by reference the averments in paragraphs 1 through 22.

53.     All Defendants acted with knowledge of and with intentional disregard for facts that created a high probability of injury to Plaintiffs and deliberately proceeded to act with indifference to that high probability of injury. As such, Plaintiffs are entitled to punitive damages, in addition to compensatory damages, as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays this Court for the following relief:

1.     Find that Defendants NRAC, KRMC, HEALTHCENTER, NHF, NHC, Hoffman, Dieter, and Tinlin wrongfully conspired to reduce competition in the anesthesiology service market in violation of Section 1 of the Sherman Act and award Plaintiffs treble damages in an amount to be proven at trial, pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15(a);

2.     Find that Defendants NRAC, KRMC, HEALTHCENTER, NHF, NHC, Hoffman, Dieter, and Tinlin are wrongfully maintaining a monopoly anesthesiology service market in violation of Section 2 of the Sherman Act and award Plaintiffs treble damages in an amount to be proven at trial, pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15(a);

3.     Find that Defendants NRAC, KRMC, HEALTHCENTER, NHF, NHC, Hoffman, Dieter, and Tinlin engaged in unfair trade practices by unreasonably and unlawfully restraining Plaintiffs from freely practicing their occupation as an anesthesiologist, in violation of § 30-14-205, MCA;

4.     Find that Defendants AAI, NRAC, KRMC, HEALTHCENTER, NHF, NHC, Hoffman, Dieter, and Tinlin have intentionally interfered with valuable business relationships of Plaintiffs to their economic detriment;

5.     Find that Defendants Hoffman, Dieter, and Tinlin violated the duty of care owed to Plaintiffs under 35-8-310(3), MCA;

6. Find that Defendants Hoffman, Dieter, and Tinlin owe Plaintiff Abbott his accounts receivable from GAPM;

7. Order that Defendants NRAC, KRMC, HEALTHCENTER, NHF, NHC, Hoffman, Dieter, and Tinlin are estopped from denying Plaintiffs their right to freely compete for and perform anesthesiology services;

8. Order Defendants to pay money damages sustained by Plaintiffs in an amount to be proven at trial;

9. Order Defendants to pay punitive damages in an amount to be proven at trial;

10. Award Plaintiffs such other and further relief as this Court may deem just and proper;

11. Award Plaintiffs their costs in bringing this action; and

12. Award Plaintiffs their attorney fees.

DATED this 17th day of August, 2007.

DOUGLAS HARRIS LAW OFFICES
322 West Spruce Street
P.O. Box 7937
Missoula, MT 59807-7937

_____
DOUGLAS D. HARRIS

MELOY LAW FIRM
The Bluestone
80 South Warren, P.O. Box 1241
Helena MT 59624

  /s/ Peter Michael Meloy
PETER MICHAEL MELOY
*Attorneys for Plaintiffs*

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demands trial by jury of all issues so triable under the law.

DATED this 17th day of August, 2007.

                                                 /s/ Peter Michael Meloy
                                            PETER MICHAEL MELOY
                                            *Attorney for Plaintiffs*